JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NOLL, STEVEN McCLURE, and MARK SUTHERLAND,<br><br>Plaintiffs,<br><br>vs.<br><br>TRAVELCENTERS OF AMERICA, LLC, and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 5:10-cv-00589-JHN-AJWx<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEYS' FEES AND COSTS**<br><br>Judge: Honorable Jacqueline H. Nguyen |

The matter before the Court is Plaintiff's Motion to Remand Case to San Bernardino County Superior Court ("Motion") (Docket No. 10), filed on May 7, 2010. The Court has considered all the pleadings filed by the parties in connection with the Motion. The Court deemed the matter appropriate for decision without oral argument and took the matter under submission. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons herein, the Court GRANTS the Motion and DENIES the Request for Attorneys' Fees and Costs.

///

///

///

# I.
# BACKGROUND

On October 17, 2008, on behalf of this putative class ("Plaintiffs"), Plaintiff Paul Noll initiated this action against Defendant TravelCenters of America LLC ("Defendant"), asserting three causes of action: (1) violation of California Labor Code § 1194 for failure to pay overtime or regular compensation; (2) violation of California Business and Professions Code § 17200 *et seq.*; and (3) violation of California Labor Code § 226.7 for failure to provide meal periods and rest breaks. On March 23, 2010, the state court granted Plaintiffs' Motion for Leave to File a First Amended Complaint ("FAC"), which clarified the definition of the putative class, "the salaried station employees," to encompass "Profit Center Managers" of different departments at each of Defendant's retail locations in California and added two additional class representatives, Steven McClure and Mark Sutherland.

On April 22, 2010, Defendant filed a Notice of Removal of Civil Action to Federal Court Pursuant to 28 U.S.C. §§ 1332, 1441, 1442, and 1453 ("Notice of Removal"). In its Notice of Removal, Defendant claims that as of March 23, 2010, this case became removable pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), because the FAC allegedly expanded the putative class from 27 to 111 potential members, and therefore the amount in controversy exceeded the threshold jurisdictional amount of $5,000,000, excluding interest and costs. On May 7, 2010, Plaintiffs filed the instant Motion, asserting that Defendant has failed to meet its burden of proving that the aggregated claims of the putative class exceed the jurisdictional amount-in-controversy and that Defendant's removal is untimely. Defendant filed its Opposition, and Plaintiffs filed their Reply.

///

///

## II.
## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the United States Constitution and Congress. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Because of the 'Congressional purpose to restrict the jurisdiction of the federal courts on removal,'" courts must strictly construe the removal statute and rule against removal "if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). There is a strong presumption that federal courts are without jurisdiction unless the contrary affirmatively appears. *See Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1990). Federal law requires that if a case is removable from the outset, the party seeking removal must file the notice of removal within thirty (30) days after service. 28 U.S.C. § 1446(b).

Under CAFA, this Court has subject matter jurisdiction over a class action in which: (1) there are 100 or more putative class members; (2) at least some of the members of the putative class have a different citizenship from the defendant; and (3) the aggregated claims of the putative class members exceed the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d). "'[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.'" *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007) (quoting *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam)).

For purposes of removal under CAFA, the Ninth Circuit has recently "recognized varying burdens of proof depending on the situation and the nature of the plaintiff's complaint." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). If the complaint alleges damages in excess of the federal amount-in-controversy requirement, the requirement is presumptively satisfied

3

unless "it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional minimum." *Abrego Abrego*, 443 F.3d at 683 n.8 (citation omitted). If the complaint specifically pleads on its face an amount of damages that is less than the federal jurisdictional minimum, the "party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met." *Lowdermilk*, 479 F.3d at 1000. If, however, "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the preponderance of evidence standard applies. *Guglielmino*, 506 F.3d at 699; *see Tompkins v. Basic Research LL*, No. CIV. S-08-224 LKK/DAD, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008).

The preponderance of the evidence standard requires the removing defendant to provide evidence establishing that "it is 'more likely than not' that the amount in controversy" is satisfied for diversity purposes. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (citation omitted). To make this determination, the court should consider, in addition to the complaint itself, "facts presented in the removal petition as well as any summary judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotations and citation omitted); *see Muniz v. Pilot Travel Ctrs. LLC,* No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007). A court may consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002).

## III.
## DISCUSSION

**A.    Timeliness of Removal**

Plaintiffs claim that the original Complaint, filed on October 17, 2008, gave Defendant sufficient notice of removability under CAFA. (Mot. 11–12.)

4

Therefore, the Notice of Removal, filed nearly eighteen months after the original Complaint, is untimely because it was not filed within thirty (30) days of Defendant's receipt of an "initial pleading" setting forth a removable claim. 28 U.S.C. § 1446(b). (*Id.*) Defendant argues that the removal is timely because the original Complaint's putative class definition was "hopelessly vague," and Defendant did not know that the action was subject to CAFA jurisdiction. (Opp'n 18.)

If a party fails to remove an otherwise removable case within the initial thirty-day period specified by Section 1446(b), the party waives its right of removal "for all time, regardless of subsequent changes in the case." *Dunn v. Gaiam*, 166 F. Supp. 2d 1273, 1278–79 (C.D. Cal. 2001). Nevertheless, the removal right may be "revived" in cases "where the plaintiff files an amended complaint that so changes the nature of [the] action as to constitute 'substantially a new suit begun the day.'" *Id.* This "narrow, judicially-created" revival exception would only apply if the amendment altered the scope of the case "so drastically that the purposes of the [thirty]-day limitation would not be served by enforcing it." *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Assoc.*, 668 F.2d 962, 966 (7th Cir. 1982); *id.* at 1279. Circumstances which may trigger the revival exception include: "(1) when a plaintiff attempts to mislead a defendant about the true nature of its claim by including a less consequential federal claim unlikely removed, and later, after the thirty-day window has expired, amends the complaint to include a substantive federal claim, and (2) when the effect of the change is to substantially constitute a new suit." *Ray v. Trimspa Inc.*, CV 06-6189 AHM (VBKx), 2006 WL 5085249, at *4 (C.D. Cal. 2006).

The Court finds that neither of these circumstances is present here. Plaintiffs contend that the original putative class has always encompassed all salaried employees, "managers" of different departments, at Defendant's business locations and that the purpose of amendment to the original Complaint was to

5

alleviate any future claims by Defendant of "confusion." (Mot. 12.) Defendant does not allege that Plaintiffs attempted to mislead Defendant about the true nature or scope of its potential class action. Defendant simply contends that the definition of the putative class, "salaried station employees" and "salaried store employees," in the original Complaint was too vague. (Opp'n 18.) However, the original Complaint specifically states that the putative class members are "salary paid employees" misclassified as "'exempt' managerial/executive employees" in Defendant's "TravelCenters of America stations." (Compl. ¶¶ 3, 5, 11.)

Reading the original Complaint as a whole, the Court finds that the change in the FAC is not sufficient to render this a "substantially new suit." Specifically, the clarification in the putative class definition to include explicitly the term "Profit Center Managers" did not alter the scope of this case "so drastically that the purposes of the [thirty]-day limitation would not be served by enforcing it." *Wilson*, 668 F.2d at 966. Therefore, Defendant's removal is untimely. Although this case can be remanded on the ground of untimeliness alone, the Court also addresses below whether Defendant has established the requisite amount in controversy.

### B. Amount In Controversy

In both the original Complaint and the FAC, Plaintiffs do not allege a sufficiently specific amount in controversy. Similar to the plaintiff in *Guglielmino*, Plaintiffs in this case simply allege that their individual claims are under the $75,000 jurisdictional threshold and plead no specific total dollar amount of damages for the putative class. *Guglielmino*, 506 F.3d at 700. As such, Defendant must establish the amount in controversy by a preponderance of the evidence.

In its Notice of Removal, Defendant alleges that the amount in controversy is at least $5,231,323, excluding interest, thereby exceeding the federal jurisdictional threshold. (Notice of Removal ¶ 27.) Defendant supports its Notice

of Removal with: (1) Declaration of Faira Corbett ("Corbett"), Human Resources Supervisor, who sets forth the underlying payroll and personnel records needed to calculate the amount in controversy; and (2) Declaration of Defendant's economist expert Alison Rose ("Rose") who, based on the facts supplied by Corbett, calculated the amount in controversy. (Docket Nos. 3, 5.)

In calculating the amount in controversy, Defendant used violation rates of 10 hours per week for overtime and 3.5 missed meal periods and 3.5 missed rest breaks per week. (Rose Decl. ¶¶ 8, 13, 15.) These violation rates were estimated based on Plaintiff Noll's testimony that he worked 20 to 30 overtime hours a week, took an uninterrupted meal period once or twice a week, and rarely took a rest break. (Noll Dep. 200:23–201:15, 479:16–480:21, 483:17–484:2.) Based on the assertion in the FAC that Plaintiff Noll's claims are typical of the claims of all other members of the putative class (FAC ¶ 15), Defendant simply extrapolated the experience of Plaintiff Noll to all putative class members for the purpose of calculating the amount in controversy.

The Court finds that Defendant's calculations based on the extrapolation of Plaintiff Noll's individual violation rates are flawed because they rely on speculative assumptions. Defendant offers no evidence as to whether all putative class members working in different departments—stores, restaurants, or shops—have similar work schedules. Defendant fails to provide any underlying facts supporting its assumptions that all putative class members will likely have 10 hours of overtime and 3.5 missed rest breaks per week, as well as its use of 100% violation rate for the missed meal periods.[1]

---

[1] In a similar wage and hour class action case, a defendant successfully established by preponderance of evidence that the amount in controversy exceeds $5,000,000 where the defendant's "calculations were relatively conservative, made in good faith, and based on evidence wherever possible." *Behrazfar v. Unisys Corp.*, 689 F. Supp. 2d 999, 1004 (C.D. Cal. 2009). The defendant's calculations relied

Defendant's calculations are further undercut by its own prior argument in this case. In its Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint, Defendant claims that its shop and restaurant managers have job duties that are "completely different" from those of the store managers. (Opp'n to Mot. File FAC 7–8, 11–12.) If so, then the underlying basis for its extrapolation of an individual Profit Center Manager-Store's experience to all Profit Center Manager-Restaurant and Profit Center Manager-Shop employees is unwarranted.

Defendant further argues that because the FAC alleges that Plaintiffs' claims are "typical," Defendant's extrapolation of Plaintiff Noll's experience to the entire class is proper. (Opp'n 17). However, to satisfy the typicality prerequisite of Rule 23(a)(3) of the Federal Rules of Civil Procedure, a named plaintiff's claims only need to be "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Therefore, other putative class members could have substantially less damages but still have claims "typical" to Plaintiff Noll's because they also were misclassified, worked overtime, and missed meal and rest periods. Therefore, the Plaintiffs' allegation of typicality alone cannot serve as a basis for Defendant's extrapolation.

The removing party's burden is "not daunting," and defendants are not obligated to "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008).

---

upon 25% violation rate for overtime to a single class of employees. *Id.* Here, the Court finds that Defendant's calculations are neither "relatively conservative" nor "based on evidence wherever possible," because Defendant used 33–50% violation rate for overtime and 100% violation rate for missed meal and rest periods to the members of allegedly different potential sub-classes without providing any specific facts to support its estimations.

8

However, Defendant has the burden to produce *underlying facts* showing that it is more likely than not that the amount in controversy exceeds the jurisdictional threshold. *See Muniz*, 2007 WL 1302504, at *5. Because Defendant has failed to do so, the Court concludes that removal is improper.

The Court, however, finds that Defendant's filing of the Notice of Removal was not "improvident or ill-considered." *Dunn*, 166 F. Supp. 2d at 1278. Defendant is therefore not required to pay Plaintiffs' attorneys' fees and costs incurred as a result of removal.

## IV.
## CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Remand (Docket No. 10) and DENIES the Request for Attorneys' Fees and Costs. The Court hereby REMANDS this action to the San Bernardino County Superior Court.

IT IS SO ORDERED.

Dated: June 29, 2010

_____
Honorable Jacqueline H. Nguyen
UNITED STATES DISTRICT COURT